**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-1557**

---

BRIAN PISCITELLI,

Plaintiff – Appellant,

v.

GITLAB, INC.,

Defendant – Appellee.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony John Trenga, Senior District Judge. (1:23-cv-01588-AJT-WEF)

---

Submitted: February 26, 2026                    Decided: April 7, 2026

---

Before WILKINSON, RICHARDSON, and HEYTENS, Circuit Judges.

---

Affirmed by unpublished opinion. Judge Heytens wrote the opinion, which Judge Wilkinson and Judge Richardson joined.

---

**ON BRIEF:** Rosanna C. Lopez, LOPEZ & WU, PLLC, Reston, Virginia, for Appellant. Joseph E. Schuler, Matthew E. Kreiser, JACKSON LEWIS P.C., Reston, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

TOBY HEYTENS, Circuit Judge:

The district court dismissed Brian Piscitelli's Title VII claims under Federal Rule of Civil Procedure 12(b)(6). We previously granted the parties' joint motion to submit on the briefs and now affirm.

Piscitelli used to work for the software company GitLab, Inc. His job required maintaining a security clearance, but Piscitelli's clearance expired in February 2021. Around the same time, the company imposed a COVID-19 vaccination requirement and barred unvaccinated employees from traveling. Piscitelli—a Christian who "believes that accepting the COVID vaccine violates Scripture's teaching," JA 41—asked human resources (HR) "about a religious/medical exemption/accommodation." JA 41–42. HR sent him the "forms to complete to obtain" such an accommodation, JA 42, but Piscitelli never returned a completed copy. Later, in June 2022 (when the vaccine mandate had been rescinded but the travel policy remained in effect), Piscitelli "again asked [HR] if religious/medical exemption/accommodation waivers were accepted" and was told "that [they] were no longer accepted." JA 43. In August 2022, GitLab fired Piscitelli, citing his "lack of security clearance" as the reason for his termination. JA 44.

Piscitelli sued GitLab under Title VII, asserting both religious discrimination (Count 1) and retaliation (Count 2). GitLab moved to dismiss Piscitelli's amended complaint. After a short motions hearing, the district court made an oral ruling granting the motion to dismiss. We review the district court's decision "de novo, applying the same

2

standards as" that court. *Pendleton v. Jividen*, 96 F.4th 652, 656 (4th Cir. 2024).[1]

Piscitelli's only argument about Count 1 is that the district court used the wrong test in analyzing his claim. Instead of applying this circuit's four-part test for analyzing religious discrimination claims, see, *e.g.*, *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2020), Piscitelli insists the district court should have adopted the "modified prima facie test" the Tenth Circuit applies when an employee claims they were fired because their beliefs *differ* from those of their supervisor or their employer more broadly. Piscitelli Br. 8 (citing *Shapolia v. Los Alamos Nat'l Lab'y*, 992 F.2d 1033 (10th Cir. 1993)).[2]

To start, we have considerable doubts about whether the district court—or even a panel of this Court—*could* adopt the *Shapolia* test, because it stands in tension with our circuit's case law. See, *e.g.*, *Barnett v. Inova Health Care Servs.*, 125 F.4th 465, 471 (4th Cir. 2025) (suggesting that, "[t]o prove a Title VII claim under a disparate treatment theory, a plaintiff" *always* "must demonstrate that the employer treated her differently than

---

[1] Gitlab argues that Piscitelli's notice of appeal is defective "because it fails to correctly identify the appealable order from which the appeal is taken." GitLab Br. 18 (quotation marks removed). Because the alleged defect does not involve timeliness, it "does not affect the validity of the appeal" and we have discretion to proceed as we "consider[] appropriate." Fed. R. App. P. 3(a)(2). And because the "challenged notice of appeal has provided adequate notice and caused [GitLab] no prejudice," we see "no reason to" do anything other than resolve this appeal on the merits. *Jackson v. Lightsey*, 775 F.3d 170, 175 (4th Cir. 2014).

[2] We disagree with GitLab's assertion that Piscitelli failed to preserve this argument because his district court briefing raised it only in a footnote. True, the argument was made below the line. But it was a lengthy footnote that advanced a substantive (albeit, non-winning) argument.

3

other employees because of her religious beliefs" (emphasis and quotation marks removed)).

But even if we could push past that issue, we agree with GitLab that Piscitelli did not plead sufficient facts to trigger the Tenth Circuit's modified prima facie test, so any error in not applying that test would have been harmless. The complaint says nothing about: (1) the religious beliefs of GitLab in general or Piscitelli's supervisor in particular; (2) how Piscitelli's religious beliefs differed from those held by GitLab or his supervisor; (3) whether Piscitelli communicated his religious beliefs to anyone at GitLab; or (4) how he was discriminated against for having different religious beliefs. And the complaint's allegations about the supervisor's anger or frustration about Piscitelli's refusal to *get vaccinated* do not, without more, demonstrate that Piscitelli's termination "clearly revolved around and alleged a difference in *religious beliefs*." Piscitelli Br. 10 (emphasis added).

We also see no reversible error in the district court's dismissal of Count 2. To state a retaliation claim, Piscitelli needed to plead facts plausibly alleging: "(1) that [he] engaged in a protected activity, (2) that [GitLab] took an adverse action against [him], and (3) that there was a causal link between the two events." *Laurent-Workman v. Wormuth*, 54 F.4th 201, 212 (4th Cir. 2022).

We agree with the district court that Piscitelli's inquiries about the availability of a religious or medical exemption are not protected activity for Title VII retaliation purposes. Piscitelli cites several non-binding cases in support of his argument that protected activity can include "requesting reasonable accommodation or religious accommodation." Piscitelli Br. 12. But the complaint does not allege that Piscitelli ever *actually requested*

4

an accommodation. Instead—as he conceded before the district court—Piscitelli asked for paperwork but then never submitted anything. Based on his allegations and that concession, we hold that the complaint falls well short of plausibly alleging Piscitelli engaged in protected activity. And without any protected activity, Piscitelli's retaliation claim fails as a matter of law. See *Laurent-Workman*, 54 F.4th at 212.

The judgment is

*AFFIRMED*.